IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WANDA MARTINEZ,

       Plaintiff,

v.                                           Civ. No. 24-01129 KG/KK

META PLATFORMS, INC.,
f/k/a FACEBOOK, INC.,

       Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Defendant Meta Platforms, Inc.'s (Meta),

Motion to Dismiss Complaint and Memorandum in Support, (Doc. 17), filed December 30,

2024.[1]  Plaintiff Wanda Martinez filed her Response in Opposition to Defendant Meta Platforms,

Inc.'s Motion to Dismiss Complaint and Memorandum in Support, (Doc. 24), January 31, 2025.

Defendant filed its Reply in Support of its Motion to Dismiss Plaintiff's Complaint, (Doc. 26),

February 21, 2025.  Having considered the briefing and applicable law, the Court grants the

Motion.

*I.*     *Background*

This case stems from a tragic and shocking murder in Las Vegas, New Mexico.  On

November 8, 2020, Alejandro Alirez shot and killed Plaintiff's daughter, Crystal Cervantes.

---

[1] The Court notes that Defendant failed to include the required recitation of a good-faith request for concurrence in his Motion.  Such failure is grounds to summarily deny its Motion.  *See* D.N.M.LR-Civ. 7.1(a).  While the Court will, nonetheless, consider Defendant's Motion on the merits, it strongly encourages Defendant's counsel to become familiar with the District of New Mexico's Local Rules.

(Doc. 1) at 2, ¶ 6.  Alirez livestreamed his actions on Facebook, and this livestream remained on Facebook for nearly an hour.  *Id.* at 2, ¶¶ 6–7.

Plaintiff asserts that Meta should have done more to prevent the livestreaming of Plaintiff's daughter's murder.  Plaintiff alleges that "Defendant Meta…made a promise to [her] (and the world) to remove the video of her daughter's death, and reasonably should have expected Plaintiff Martinez to act on the promise, and to forebear further action."  *Id.* at 2, ¶ 8.  Plaintiff further alleges that Defendant intended for Plaintiff to rely on its promise, which Plaintiff did—to her detriment.  *Id.* at 2, ¶¶ 8–9.  Plaintiff claims that Defendant broke its promise by failing to remove the livestream, causing Plaintiff to suffer great harm.  *Id.* at 7, ¶¶ 24, 28–30.  As a result, Plaintiff brings this action for "Breach of Contract: Promissory Estoppel."  *Id.* at 6.

## II.    Legal Standard

A court must address whether it has personal jurisdiction over a defendant before reaching the merits of a case because "a court without jurisdiction over the parties cannot render a valid judgment."  *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998) (citing *Leney v. Plum Grove Bank*, 670 F.2d 878, 879 (10th Cir. 1982)).

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) is to determine whether the court has personal jurisdiction over a defendant.  It is well-established that the plaintiff bears the burden of showing that a court has personal jurisdiction over a defendant.  *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).  When the defendant bases its lack of personal jurisdiction argument on the pleadings and other documents, as is the case here, the plaintiff's burden is light: a *prima facie* showing of personal jurisdiction will suffice.  *Id.* The plaintiff may make this *prima facie* showing by demonstrating, via pleadings and affidavits,

facts that if true would support jurisdiction over the defendant. *Id.* (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069–70 (10th Cir. 2008). In such cases, courts accept "as true all well-pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in plaintiff's] complaint." *Id.* (citation omitted).

III.    *Discussion*

Defendant moves to dismiss Plaintiff's Complaint for three reasons. First, the Court lacks personal jurisdiction over Defendant under Rule 12(b)(2). (Doc. 17) at 2. Second, Plaintiff fails to state a claim under Rule 12(b)(6). *Id.* at 2–3. Third, the Communications Decency Act, 47 U.S.C. § 230 bars Plaintiff's claim. *Id.* at 3. Plaintiff opposes Defendant's Motion. (Doc. 24) at 15. Because the Court determines it lacks personal jurisdiction over Defendant, it will not consider Defendant's subsequent arguments.

To establish personal jurisdiction over a nonresident defendant in a diversity action, "a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quoting *Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 319 (1945)). New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Catholic Diocese of Norwich*, 2002–NMSC–018 ¶ 6. Courts therefore "need not conduct

a statutory analysis apart from the due process analysis." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).

The Due Process analysis for personal jurisdiction is twofold. It requires that the defendant "purposefully established minimum contacts within the forum State" and that the assertion of personal jurisdiction comports with "fair play and substantial justice." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (quoting *Burger King Corp.*, 471 U.S. at 476). Minimum contacts with the forum state may be established through either general or specific jurisdiction.

Because general jurisdiction is unrelated to the events giving rise to the suit, courts impose a stringent minimum contacts test. *Benton*, 375 F.3d at 1080 (citing *OMI*, 149 F.3d at 192). This test requires the plaintiff to "demonstrate the defendant's continuous and systematic general business contacts." *Id.* In cases, such as this one, where the defendant is a corporation, a plaintiff satisfies this test if "the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 F. 915, 919 (2011)). Generally, a corporation is considered "at home" only its principal place of business and place of incorporation. *Id.* at 137 (citing *Goodyear*, 564 U.S. at 924).

Specific jurisdiction, on the other hand, allows a court to exercise jurisdiction over a defendant only if plaintiff's alleged injuries "arise out of or relate to" the defendant's activities in the forum state. *Benton*, 375 F.3d at 1075–76 (quoting *Burger King v. Rudzewicz* , 471 U.S. 462, 472 (1985). Because specific jurisdiction relates to the events giving rise to the suit, courts

impose a less stringent minimum contacts test. In these cases, the plaintiff must show "the defendant purposefully directed its activities at residents of the forum [state]." *Id.* at 1076.

In the internet context, a court may exercise specific jurisdiction over a defendant when the defendant "(1) *directs electronic activity into the State,* (2) *with the manifested intent of engaging in business or other interactions within the State,* and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *Shrader*, 633 F.3d at 1240 (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002)). The Tenth Circuit has explained that the "maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." *Id.* at 1241 (citations omitted). Instead, courts "look to indications that a defendant deliberately directed its message at an audience in the forum state." *Id.*

In this case, Plaintiff does not appear to argue that general jurisdiction applies. Looking to her Complaint, Plaintiff alleges, and Defendant agrees, that Meta is a Delaware corporation with its principal place of business in "a state other than New Mexico." (Doc. 1) at 1, ¶ 2; (Doc. 17) at 7. Moreover, Plaintiff fails respond to Defendant's argument that it is not subject to general personal jurisdiction. Such a failure to respond is generally deemed an acquiescence. *Mulford v. Altria Group, Inc.*, 242 F.R.D. 615, 622 n.5 (D.N.M. 2007); *see also* D.N.M.LR-Civ. 7.1.(b) ("The failure of a party to file and serve a response in opposition to a motion…constitutes consent to grant the motion."). Consequently, Plaintiff has failed to make a *prima facie* case establishing that Defendant can be fairly regarded at home in New Mexico. Thus, general jurisdiction does not apply.

Although not altogether clear, Plaintiff appears—without offering any support—that Defendant is subject to specific jurisdiction.  In an apparent attempt to demonstrate Defendant has sufficient minimum contacts with New Mexico, Plaintiff argues that "Defendant does business in every United States jurisdiction, and the entire planet via the world wide web." (Doc. 24) at 3.  Even if true, Plaintiff does not explain how this fact alone allows the Court to exercise specific jurisdiction over Defendant.  Indeed, as mentioned above, the Tenth Circuit requires more to demonstrate the existence of specific jurisdiction.  *Shrader*, 633 at 1241 (10th Cir. 2011) ("[M]aintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state.").  Plaintiff points to no allegations and provides no evidence or argument that Defendant deliberately directed any message at an audience in New Mexico.

Next, Plaintiff appears to argue that even if Defendant has no connections to New Mexico, diversity jurisdiction exists.  (Doc. 24) at 3.  But as Defendant points out, such an argument is fundamentally flawed because it conflates subject matter jurisdiction with personal jurisdiction.  (Doc. 26) at 3.  Although subject matter jurisdiction is uncontested, the Court must also be satisfied that the exercise of personal jurisdiction over Defendant is proper.  The Court, however, finds no such justification.  Plaintiff's bare assertion that Defendant "does business within the State of New Mexico" is not enough.  (Doc. 1) at 1, ¶ 3.  The Court agrees with Defendant: Plaintiff fails to demonstrate the exercise of personal jurisdiction over Defendant is proper.

One final note: in her Response, Plaintiff, for the first time, appears to state that she joined Facebook and agreed to the terms of its use, and thereby formed a contract with Defendant.  (Doc. 24) at 12–13.  Although such a contract might give rise to the Court's exercise

6

of specific jurisdiction over Defendant, Plaintiff provides no details of the alleged contract, such as when the contract was formed.  Moreover, Plaintiff's Complaint does not include any such allegations, nor does Plaintiff attach any affidavits attesting to the veracity of this assertion. Consequently, Plaintiff's argument does not aid the Court in its personal jurisdiction analysis.

*IV.*    *Conclusion*

The Court concludes that Plaintiff has failed to carry her burden of establishing a *prima facie* showing of specific jurisdiction over Defendant and has, therefore, failed to demonstrate that this Court has personal jurisdiction over Defendant.  Because this conclusion is dispositive, it is unnecessary for the Court to decide whether an exercise of personal jurisdiction over Defendant would "offend traditional notions of fair play and substantial justice."  Thus, the Court grants Defendant's Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2), and dismisses Plaintiff's Complaint, (Doc. 1), without prejudice.

IT IS SO ORDERED.

/s/ _____
KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.